UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| IN RE KIRT ALAN KUMMER,<br><br>    Debtor.<br>_____<br><br>UNITED STATES OF AMERICA,<br><br>    Appellant,<br><br>v.<br><br>KIRT ALAN KUMMER,<br><br>    Appellee.<br>_____ | Appeal No.   3:08-CV-00673-LRH-VPC<br>                    3:08-CV-00674-LRH-VPC<br><br>Bktcy No.   BK-01-32786<br><br><br>ORDER |

      Before the court is appellant United States' Emergency Motion to Consolidate Appeals and Stay Pending Appeal (#4[1]). Because the United States has failed to show it will suffer irreparable injury if this court refuses grant a stay pending appeal, the United States' motion is denied.

**I.    Facts and Procedural History**

      The following facts are not in dispute.

      Appellee Kirt Kummer filed for Chapter 11 bankruptcy in the United States Bankruptcy Court for the District of Nevada on August 14, 2001. Thereafter, the IRS filed a proof of claim showing that Kummer owed the IRS $50,537.96 in unsecured general claims and $17,287.70 in

_____

[1] (#X) refers to the court's docket. The United States filed identical motions in both of its appeals from Kummer's bankruptcy proceedings. This order disposes of both motions.

unsecured priority claims. On June 4, 2003, the Bankruptcy Court converted the case to a Chapter 7 bankruptcy.

On March 2, 2008, Kummer filed his individual federal income tax return for the 2007 tax year. According to Kummer's return, he is entitled to a refund and rebate totaling $5117.00. On April 29, 2008, the IRS froze the refund and rebate in Kummer's 2007 tax year account.

On May 21, 2008, the United States filed a motion pursuant 11 U.S.C. § 362(d)(1) for relief from the Bankruptcy Code's automatic stay provisions. Through this motion, the United States sought to offset Kummer's tax debt with his 2007 refund and rebate. On June 24, 2008, the Bankruptcy Court denied the motion; and on August 8, 2008, the United States appealed the Bankruptcy Court's order to the Bankruptcy Appellate Panel.

On October 6, 2008, Kummer filed a motion for sanctions, claiming that the IRS's refusal to pay him the 2007 refund and rebate is in violation of 11 U.S.C. § 362(h). On November 20, 2008, the Bankruptcy Court responded by entering an order and judgment, which provided that "in the event the United States fails to send Debtor the tax refund and stimulus rebate by November 24, 2008, or fails to obtain a stay from an Appellate Court of this Order by that time, then Judgment shall be against the United States in the amount of $1,000 . . . ."

On December 1, 2008, the United States appealed the Bankruptcy Court's November 20, 2008, order and judgment. On December 3, 2008, Kummer filed an election to have that appeal transferred to this court. Subsequently, the Bankruptcy Appellate Panel entered an order transferring the United States' appeal from the Bankruptcy Court's June 24, 2008, order to this court. On December 24, 2008, the United States filed the instant Emergency Motion to Consolidate Appeals and Stay Pending Appeal.

**II.    Discussion**

The United States present motion asks this court for two forms of relief: (1) a stay pending appeal of the Bankruptcy Court's November 20, 2008, order and (2) an order consolidating the

United States' appeals from the Bankruptcy Court's June 24, 2008, and November 20, 2008, orders. The court will consider each of these requests in turn.

With respect to the requested stay, the United States argues in its initial moving papers that it is entitled to a stay from the Bankruptcy Court's November 20, 2008, orders as a matter of right. In its reply, however, the United States acknowledges that Federal Bankruptcy Rule of Procedure 7062–which it relies upon to argue for a mandatory stay–does not by its terms apply to "contested proceedings," which the court currently entertains. Moreover, although the United States is also correct that the Advisory Committee Note to Rule 9014 (which governs the present contested proceedings) states that this court may apply Rule 7062 in its discretion, the United States offers no reason for doing so. As such, this court will apply Rule 8005–which both parties acknowledge applies to present proceedings–to the United States' motion for a stay pending appeal.

"An appellant seeking a discretionary stay pending appeal under Bankruptcy Rule 8005 must prove: (1) appellant is likely to succeed on the merits of the appeal; (2) appellant will suffer irreparable injury; (3) no substantial harm will come to appellee; and (4) the stay will do no harm to the public interest." *In re Irwin*, 338 B.R. 839, 843 (E.D. Cal. 2006). Failure to satisfy one prong of this standard dooms the motion for a stay pending appeal. *Id.*

The court will deny the United States' request for a stay pending appeal because the United States has failed to show that it will suffer irreparable injury in the absence of a stay. With respect to the requirement of an irreparable injury, the United States argues that its appeal will be rendered moot if this court refuses to enter a stay pending appeal, and therefore this court should enter a stay to avoid this injury.

As an initial matter, the weight of authority has found that the risk an appeal may become moot is not an irreparable injury. *See In re Fullmer*, 323 B.R. 287, 304 (Bankr. D. Nev. 2005) (collecting cases). Furthermore, the United States has made no showing that Kummer's financial situation is such that he will not be able to pay his tax debt even if he receives the 2007 tax refund

3

1  and rebate.  Accordingly, any injury the United States may experience by losing its ability to offset
2  Kummer's tax debt appears to be only temporary.  The United States' motion for a stay pending
3  appeal is therefore denied.
4        Finally, this court will deny the United States' motion to consolidate its appeals.  Kummer
5  is correct in noting that the United States' appeal from the Bankruptcy Court's June 24, 2008, order
6  is fully briefed and ready for decision, while this court has only recently ordered briefing in the
7  United States' appeal from the Bankruptcy Court's November 20, 2008, order.  Given that the
8  June 24, 2008, appeal is ready for decision, there is no need to delay its disposition while waiting
9  for briefing in the November 20, 2008, appeal.
10       IT IS THEREFORE ORDERED that the United States' Emergency Motion to Consolidate
11 Appeals and Stay Pending Appeal (#4) is DENIED.  The stay extended by this court in its
12 December 24, 2008, minute order shall be dissolved effective 10 days from the date of this order.
13       IT IS SO ORDERED.
14       DATED this 7th day of January, 2009.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

4